Mr. John Bracey 12905 Cherry Laurel Drive Little Rock, Arkansas 72211-5458
Dear Mr. Bracey:
You have requested an Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that you have requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You indicate that you presented a request under the FOIA to the City of Little Rock for the following records:
 All witness statements and tape conversations with regards to the Investigation of retaliatory harassment against [the employee] by Jim Lawson and others.
In response to your request, the custodian of the records indicated that the requested records were not releasable, except for a particular unsolicited complaint. The custodian agreed to provide copies of that record.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
Response
It is my opinion that the custodian's determination appears to be partially correct, but does not appear to be entirely responsive to the request.
If in fact the custodian possesses a record that is responsive to your request and that constitutes an "unsolicited complaint," the custodian is correct that this record should be released, as discussed in Op. Att'y No. 2002-338. However, the analysis that was set forth in Opinion No. 2002-338 is not dispositive of the request that is now at issue. Opinion No. 2002-338 was addressing a request for a different type of record than the type that is at issue now. The request that was at issue in Opinion No. 2002-338
sought personnel and evaluation records of employees other than the one for whom you are the designated representative. Although you would have been entitled to receive copies of both personnel and evaluation records of the employee you represent, you were not entitled to receive copies of the evaluation records of other employees. Because unsolicited complaints constitute personnel records rather than evaluation records, you were entitled to receive those. In contrast to the request that was at issue in Opinion No. 2002-338, the wording of the request that is at issue now appears to envision statements taken by the employer in the course of an investigation of a complaint by the employee whom you represent, alleging retaliatory harassment. Any such statements that were taken by the employer in the course of such an investigation, and that relate to the employee for whom you are the designated representative, would constitute the personnel or evaluation records of the employee whom you represent. Both she and you, as her designated representative, are entitled to obtain access to such records, as discussed in Op. Att'y Gen. No.2002-344. See A.C.A. § 25-19-105(c)(2).
However, as also discussed in Opinion No. 2002-344, records of that nature may also constitute the personnel or evaluation records of other employees, and if so, their release to you must be evaluated under the tests that are applicable to the release of such records (see A.C.A. § 25-19-105(b)(12) and A.C.A. §25-19-105(c)(1). It may be necessary to redact certain information from those records before they are released.
Finally, any records that are released must be evaluated to determine whether they contain constitutionally-protectable information (see McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989) and Op. Att'y Gen. No. 2002-344), or information that is subject to a separate exemption from release. If so, that information should be redacted from the records.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General